# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

|  |  |  |
|---|---|---|
| **VICKY BATTS, CHERYL PUCKETT, MEGAN DESIREE MILLER, LUCINDA DOTSON, EMILY AYERS, SKYLER BURGESS, JOSHUA CARLISLE, JAMES RODNEY HAMPTON, KELBY LEIGH HEAD, RACHEL NICHOLE HOWARD, JANIE JEFFERYS, CAMERON CASSADY, SHANNON DOTSON, JEANINE PARTAIN, and SHELLY AYERS ,** | } } } } } } } } } } } } } } } } | **Case No.:  3:13-CV-01946-MHH** |
| **Plaintiffs,** | } } |  |
| **v.** | } } |  |
| **MID SOUTH WAFFLES, INC., d/b/a WAFFLE HOUSE ,** | } } } |  |
| **Defendant.** | } |  |

## <u>MEMORANDUM OPINION</u>

### I.      Factual Background

The plaintiffs, Vicky Batts, Cheryl Puckett, Megan Desiree Miller, Lucinda

Dotson, Emily Ayers, Skyler Burgess, Joshua Carlisle, James Rodney Hampton,

Kelby Leigh Head, Rachel Nichole Howard, Janie Jefferys, Cameron Cassady,

Shannon Dotson, Jeanine Partain, and Shelly Ayers, filed this lawsuit on October

21, 2013 pursuant to § 216(b) of the Fair Labor Standards Act of 1938.  (Doc. 1, p. 2).  Regina Gail Woods joined the lawsuit in October 2013.  (Doc. 14, p. 2). Plaintiffs claim that their employer, Mid South Waffles, Inc., failed to pay them properly for their work.  (Doc. 1, ¶¶ 37–42).

After exchanging information and evaluating the plaintiffs' claims, the parties negotiated a settlement and filed a joint motion for court approval of their proposed FLSA settlement.  (Doc. 14, p. 2–3).  Although it denies the plaintiffs' claims, Mid South Waffles has agreed to pay a total of $32,500 to settle the case. (*Id.*).  That sum includes $17,256.66 in attorney fees.  (*Id.* at 4).  The balance of the settlement fund will be distributed to the plaintiffs as follows:

| Plaintiff | Settlement Amount |
| --- | --- |
| Rachel Nichole Howard | $21.75 |
| Regina Gail Woods[1] | $35.89 |
| Cameron Cassady | $348.71 |
| Cheryl Puckett | $1,409.02 |
| Emily Ayers | $1,981.05 |
| James Rodney Hampton | $1,732.01 |
| Janie Jefferys | $355.96 |
| Jeanine Partain | $2,535.68 |
| Kelby Leigh Head | $139.91 |
| Lucinda Dotson | $99.69 |
| Megan Desiree Miller | $173.63 |
| Shelly Ayers | $1,218.71 |
| Shannon Dotson | $1,653.71 |
| Skyler Burgess | $249.35 |
| Victoria Batts | $1,508.35 |
| Cassandra Salters | $1,391.96 |

[1] Plaintiff Regina Gail Woods opted not to execute her settlement agreement and chose to dismiss her claim with prejudice.  (Doc. 13).

| Callie Hurd Forsythe[2] | $391.96 |
|---|---|

(*Id.* at 4–5).  The parties calculated these payments based on the number of shifts each plaintiff worked for Mid South Waffles during the time period at issue in this lawsuit.[3]  (*Id.* at 4).

On this record, the Court considers the parties' motion to approve the proposed settlement of the plaintiffs' FLSA claims.

## II.   Discussion

### A. The Fair Labor Standards Act

"Congress enacted the FLSA in 1938 with the goal of 'protect[ing] all covered workers from substandard wages and oppressive working hours.'  Among other requirements, the FLSA obligates employers to compensate employees for hours in excess of 40 per week at a rate of 1 ½ times the employees' regular wages."  *Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156, 2162 (2012) (quoting *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739 (1981)); *see also* 29 U.S.C. §§ 202, 207(a).  Congress designed the FLSA "to ensure that *each* employee covered by the Act would receive '[a] fair day's pay for

---

[2] Cassandra Salters and Callie Hurd Forsythe asserted FLSA claims against Mid South Waffles, but neither made an appearance in this case by filing a Notice of Consent to Join.  (Doc. 19, p. 3).  The parties resolved Ms. Salters's and Ms. Forsythe's claims in the settlement agreement even though neither payee is a named plaintiff.  (*Id.*).

[3] Plaintiff Joshua Carlisle is not receiving a settlement payment because, as the parties found out during arbitration, Mr. Carlisle was not employed by Mid South Waffles during the time period at issue in this lawsuit.  (Doc. 14, p. 4).

a fair day's work' and would be protected from 'the evil of 'overwork' as well as 'underpay.'" *Barrentine*, 450 U.S. at 739 (emphasis in original).  In doing so, Congress sought to protect "the public's independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.'" *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) (quoting *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 706 (1945)).

If an employee proves that his employer violated the FLSA, then the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs.  29 U.S.C. § 216(b).  "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. ex. Rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)); *see also Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 707 (1945).  "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputedly owed under the FLSA."  *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011).

Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim.  To

compromise a claim for unpaid wages, the parties must "present to the district court a proposed settlement, [and] the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1353; *see also Hogan*, 821 F. Supp. 2d at 1281–82.[4]  "[T]he parties requesting review of an FLSA compromise must provide enough information for the court to examine the bona fides of the dispute."  *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).  The information that the parties provide should also enable the Court "to ensure that employees have received all uncontested wages due and that they have received a fair deal regarding any additional amount that remains in controversy."  *Hogan*, 821 F. Supp. 2d at 1282.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," then a

---

[4] In *Lynn's Food*, the Eleventh Circuit Court of Appeals explained, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them.  An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages.  The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."  679 F.2d at 1352-53 (footnotes omitted).  The Eleventh Circuit reiterated the import of *Lynn's Food* in *Nall v. Mal–Motels, Inc.*, 723 F.3d 1304 (11th Cir. 2013).

court may approve a settlement. *Lynn's Food*, 679 F.2d at 1354; *see also Silva*, 307 F. App'x at 351 (proposed settlement must be fair and reasonable).

### B. The Settlement Agreement is a Fair and Reasonable Resolution of a Bona Fide Dispute.

The Court finds that the parties' settlement is a fair and reasonable resolution of a bona fide dispute. The plaintiffs are made whole by the settlement; they will be compensated for work for which they allege they were not paid. Both the plaintiffs and Mid South Waffles have legitimate reasons to resolve this matter through settlement. Plaintiffs allege that Mid South Waffles failed to compensate them for time that they worked "off-the-clock." (Doc. 1, ¶ 4). Mid South Waffles denies that it violated the FLSA. To prevail at trial, the plaintiffs would have to prove that Mid South Waffles required "off-the-clock" work, a fact that can be difficult to substantiate. (*See* Doc. 14, p. 8; Settlement Approval Hearing Transcript, p. 2). Thus, the plaintiffs were not guaranteed success in arbitration or at trial. (Doc. 14, p. 8). For Mid South Waffles, conducting an arbitration for each plaintiff would be a burdensome and expensive exercise. (Hrg. Tr., p. 5). Thus, Mid South Waffles reasonably prefers to resolve this dispute through settlement.

Furthermore, the way in which the parties calculated the settlement awards comports with the goal of the FLSA—to ensure that employees are made whole. Here, the parties calculated each plaintiff's award based on the number of shifts the plaintiff worked during the time period involved in this lawsuit. (Doc. 14, p. 4).

The parties also based the settlement on the standard minimum wage—$7.25 an hour.  (Hrg. Tr., p.2).  Because 90% of the plaintiffs were servers, and the minimum wage for servers is only $2.18 an hour, $7.25 an hour is substantially more than the rate at which those plaintiffs actually were paid.  (Hrg. Tr. 2).  The fact that the parties used the higher rate in the calculations further evinces the settlement's fairness.

## III.   Conclusion

Based on the Court's review of the proposed settlement agreements and the information that the parties submitted at the hearing in this matter, the Court finds that there is a bona fide dispute regarding the plaintiffs' FLSA claims, and the terms that the parties have negotiated constitute a fair and reasonable resolution of that dispute.  Therefore, the Court approves the parties' proposed FLSA settlement. The Court will enter a separate order dismissing the plaintiffs' FLSA claims with prejudice.

**DONE** and **ORDERED** this September 23, 2014.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

7